[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13462
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 3, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-23152-ASG


ARYS R. CABRERA,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF TRANSPORTATION,
UNITED STATES DEPARTMENT OF TRANSPORTATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 3, 2012)

Before WILSON, MARTIN, and KRAVITCH, Circuit Judges.

PER CURIAM:

Arys R. Cabrera, a Hispanic male of Cuban national origin, appeals the

district court's grant of summary judgment in favor of the Secretary of Transportation and the U.S. Department of Transportation (collectively "DOT") in his national origin discrimination and retaliation suit under Title VII. After a thorough review of the record and the parties' arguments, we affirm.

## I. Background

Cabrera works as an air traffic controller in Miami, Florida. In addition to his regular duties, Cabrera occasionally had opportunities to serve as a Controller in Charge ("CIC") and an On the Job Training Instructor ("Instructor"). The opportunity to act as a CIC or Instructor arises if a supervisor recommends a controller for the position. Individuals who work either of these temporary roles are rewarded with a supplement in pay.

On July 29, 2006, as part of a regular evaluation, Cabrera was subjected to a skills check. Unfortunately, Cabrera demonstrated various deficiencies in the examination. The examiner's report noted a need to improve the areas of "control judgment," "methods and procedure," and "communication." According to DOT, out of concern for the demonstrated deficiencies, on August 2, 2006, an additional skills check was administered. In the second skills check Cabrera again demonstrated deficiencies. After reviewing the results of the evaluation, supervisors revoked Cabrera's certification to work as an air traffic controller, and

he was required to undergo remedial training.  After successfully completing a skills check in November 2006, Cabrera regained certification to work as an air traffic controller.

Cabrera believes the decision to give the second skills test and to revoke his certification was based on national origin discrimination.  Accordingly, he filed a complaint with the Equal Employment Opportunity Commission ("EEOC").  Cabrera received his full salary during the time he was decertified, and he complains that during his remedial training he was not afforded the opportunity to act as the CIC or an Instructor.

Cabrera further alleges that after he filed a complaint with the EEOC, DOT retaliated against him by refusing to allow him to lead a tour of the controller facility and by depriving him of the opportunity to act as the CIC or an Instructor.  The tour incident arose out of Cabrera's other job as an adjunct professor.  Cabrera requested and was granted permission to take his students on a tour of the controller facility.  But when he arrived to lead the tour, his supervisors informed him that the tour would be conducted by a different controller.  It was explained that Cabrera could not be at the facility because he was on medical leave.  The medical leave was related to anxiety problems that Cabrera developed and a psychologist's recommendation that Cabrera should not work as an air traffic

controller. The inability to lead the tour embarrassed Cabrera. He believes DOT's decision concerning the tour was an effort to retaliate against him for filing the EEOC complaint.

The district court held that Cabrera failed to make out a *prima facie* case of discrimination or retaliation for various reasons: (1) the refusal to allow Cabrera to lead the tour was not an adverse employment action, (2) Cabrera did not present sufficient evidence to show that the decertification was a material adverse action, (3) Cabrera had not shown that similarly situated employees that were outside of his protected class were treated differently, and (4) there was not a causal connection between the filing of the EEOC complaint and the claimed retaliation. Additionally, the court concluded that Cabrera did not present sufficient evidence to show that the proffered reasons for the alleged adverse actions were actually pretext for discrimination and retaliation.

## II. Standard of Review

We review a district court's grant of summary judgment *de novo*, applying the same legal standard used by the district court. *Johnson v. Bd. of Regents of the Univ. of Ga.*, 263 F.3d 1234, 1242 (11th Cir. 2001). We draw all factual inferences in the light most favorable to the non-moving party. *Id.* at 1242–43. Summary judgment is appropriate where "there is no genuine dispute as to any

4

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[C]onclusory allegations without specific supporting facts have no probative value," and a party who wishes to successfully oppose a motion for summary judgment "must meet the movant's affidavits with opposing affidavits setting forth specific facts to show why there is an issue for trial." *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000) (internal quotation marks omitted).

## III. Discrimination Claims

Title VII prohibits federal agencies from discriminating against employees based on their national origin. *See* 42 U.S.C. § 2000e-16(a). The plaintiff bears the ultimate burden of proving discriminatory treatment by a preponderance of the evidence. *Crawford v. Carroll*, 529 F.3d 961, 975 (11th Cir. 2008). To set out a *prima facie* case for disparate treatment in a national origin discrimination case, the plaintiff must show that: (1) he is a member of a protected class; (2) he suffered an adverse employment action; and (3) similarly situated employees, not of the plaintiff's protected group, were treated differently. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004).

When a claim is supported by circumstantial evidence, the district court analyzes the case using the burden-shifting framework set out in *McDonnell*

*Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973). Under *McDonnell Douglas*, the plaintiff bears the initial burden of presenting sufficient evidence to allow a reasonable jury to determine that he has satisfied the elements of his *prima facie* case. *Id.* at 802, 93 S. Ct. at 1824. If the plaintiff presents a *prima facie* case and the employer offers a legitimate, non-discriminatory reason for the adverse employment action, the burden shifts back to the plaintiff to show that the stated reason is a mere pretext for unlawful discrimination. *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010).

To show pretext, the plaintiff must produce evidence that reveals "such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 771 (11th Cir. 2005) (per curiam) (internal quotation marks omitted).

Assuming *arguendo* that Cabrera can make out a *prima facie* case of discrimination, DOT has presented legitimate and nondiscriminatory reasons for its actions, and Cabrera has not offered sufficient evidence to show that those reasons were a pretext for discrimination. DOT decertified Cabrera only after he repeatedly failed to meet established performance standards. Other than Cabrera's

unsupported belief that the skills checks were strictly annual in nature, there is no evidence in the record showing that it was improper for DOT to have Cabrera undergo a second skills check shortly after he demonstrated deficiencies. Additionally, there is nothing in the record that establishes that DOT had to assign Cabrera skills enhancement training before it decertified him. We agree with the district court's conclusion that Cabrera's arguments are not sufficiently probative of pretext to withstand a motion for summary judgment.

## IV.  Retaliation Claims

Title VII also prohibits employers from retaliating against an employee who files a claim under that Act. 42 U.S.C. § 2000e-3(a). In order to establish a *prima facie* case for retaliation, a claimant must  show that: (1) he engaged in a statutorily protected activity; (2) he suffered a materially adverse employment action; and (3) there was a causal link between the protected activity and the adverse action. *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008).

"The antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Burlington Northern & Sante Fe Ry. Co. v. White*, 548 U.S. 53, 67, 126 S. Ct. 2405, 2414 (2006). A materially adverse employment action is one that "might have dissuaded a

7

reasonable worker from making or supporting a charge of discrimination." *Id.* at 57, 126 S. Ct. at 2409.

We construe the causal link element broadly so that the plaintiff merely has to prove that the protected activity and the adverse action are not completely unrelated. *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998). The plaintiff can satisfy this element if he provides sufficient evidence that the employer knew of the protected activity and a close temporal proximity between this awareness and the adverse action. *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1180 n.30 (11th Cir. 2003).

We agree with the district court's conclusion that Cabrera did not suffer an adverse action when he was denied the opportunity to lead his students in a tour. While his embarrassment might be very real, denying an employee the opportunity to lead a tour is not the type of material and substantial action that would dissuade an employee from filing a complaint with the EEOC. *See Burlington Northern*, 548 U.S. at 68, 126 S. Ct. at 2415. Moreover, Cabrera admits that he was on medical leave at the time he planned to lead the tour, and he has not pointed to any evidence that disputes DOT's claim that Cabrera's employment status was the reason he was not allowed to lead the tour. Additionally, despite our efforts to identify evidence that would adequately support his other retaliation claims, we

8

find nothing but Cabrera's nonspecific and conclusory statements. Cabrera has failed to present sufficient evidence that he suffered an adverse employment action that is related to the filing of his EEOC complaint, and he cannot withstand a summary judgment challenge.

For the foregoing reasons, we affirm the grant of summary judgment in favor of DOT.

**AFFIRMED**.